## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| JAMES RA-AMARI, individually, <br> MISTY RA-AMARI, individually, and <br> ROSEMARY AFFUL, individually <br><br> *Plaintiffs* <br><br> v. <br><br> RE/MAX LLC, a Delaware Limited Liability Company, EXP REALTY, LLC, a Washington Limited Liability Company, UMRE INVESTMENT HOLDINGS, LLC, is a Texas Limited Liability Company, UNITED PROPERTY MANAGEMENT, CHENG CHENG "JOSIE" LIN, Individually and as an agent and/or employee of GRAND WEST CONDOMINIUMS, GRAND WEST RESIDENTIAL CONDOMINIUM ASSOCIATION, INC. <br><br> *Defendants*. | § § § § § § § § § § § § § § § § § § § § § § | CIVIL ACTION NO. 4:22-cv-03171 <br><br><br> DEFENDANTS DEMAND A JURY |

### MOTION TO DISMISS AND ORIGINAL ANSWER OF DEFENDANTS JOSIE LIN AND UNITED PROPERTY MANAGEMENT

Defendants, Cheng Cheng "Josie" Lin[1] ("Josie Lin") and United Property Management (collectively referred to herein as "Defendants") file this Motion to Dismiss and, subject thereto, their Original Answer and would respectfully show the Court as follows:

### I. DEFENDANTS' RULE 12(b)(6) MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

Defendants file this Motion to Dismiss the cause of action of Intentional Infliction of Emotional Distress ("IIED") in Count II of the Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and in support thereof, state the following.

---
[1] Plaintiffs' First Amended Original Complaint (the "Complaint") names Josie Lin, Individually and as an agent and/or employee of Grand West Condominiums. However, Grand West Condominiums is not a legal entity.

1

1.      Intentional infliction of emotional distress is a gap-filler tort that was "judicially created for the limited purpose of allowing recovery in those rare instances in which a defendant intentionally inflicts severe emotional distress in a manner so unusual that the victim has no other recognized theory of redress."[2] IIED was "never intended to supplant or duplicate existing statutory or common-law remedies."[3] Where the gravamen of a complaint is covered by another common-law or statutory tort, intentional infliction of emotional distress is not available.[4] "Even if other remedies do not explicitly preempt the tort, their availability leaves no gap to fill."[5]

2.      Plaintiffs' IIED claim against Defendants is based on the same alleged housing-discrimination conduct that forms the basis of their Fair Housing Act claim. The "extreme and outrageous conduct" Plaintiffs complain of is allegedly being denied from purchasing condominiums in the Grand West Condos due to their race.[6] As this allegation is already covered by a Fair Housing Act claim, Plaintiffs' IIED claim cannot stand and should be dismissed with prejudice.

WHEREFORE, PREMISES CONSIDERED, Defendants Josie Lin and United Property Management respectfully request the Court grant this Motion to Dismiss Plaintiffs' claim of Intentional Infliction of Emotional Distress against Defendants for Failure to State a Claim Upon Which Relief Can Be Granted pursuant to Federal Rule of Civil Procedure 12(b)(6) and all other relief to which they are justly entitled, at law or in equity.

---

[2] *Hoffman La Roche Inc. v. Zeltwanger*, 144 S.W.3d 438, 447 (Tex. 2004); *see* also *Waffle House, Inc. v. Williams*, 313 S.W.3d 796, 808 (Tex. 2010) (intentional infliction of emotional distress provides remedy where other traditional remedies not available); *Garcia v. Shell Oil Co.*, 355 S.W.3d 768, 775-76 (Tex. App.--Houston [1st Dist.] 2011, no pet.).
[3] *Creditwatch, Inc. v. Jackson*, 157 S.W.3d 814, 816 (Tex. 2005).
[4] *Hoffman-La Roche Inc.*, 144 S.W.3d at 447.
[5] *Creditwatch, Inc.*, 157 S.W.3d at 816.
[6] *See* Plaintiffs' First Amended Original Complaint at ¶ 58.

## II. DEFENDANTS' ORIGINAL ANSWER

Subject to and without waiving the foregoing, Defendants plead as follows:

1. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1 of the Complaint. To the extent not expressly admitted, Defendants deny the allegations in Paragraph 1 of the Complaint.

2. Defendants admit Josie Lin met with three individuals who appear to have been the Plaintiffs named in this lawsuit. Defendants admit Josie Lin was unable to complete the tour herself due to a shortage of staffing at the front desk, and that another individual completed the tour. Defendants admit that the prices of the units are firm and not typically open for negotiation. Defendants affirmatively aver that during the discussions with the three individuals, one or more of the Plaintiffs made derogatory statements regarding Josie Lin's ability to understand and speak the English language. Defendants admit that thereafter, Josie Lin was concerned about the ability to get along with the individuals. To the extent not expressly admitted, Defendants deny the allegations in Paragraph 2 of the Complaint.

3. Defendants deny the allegations in Paragraph 3 of the Complaint.

4. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 4 of the Complaint. To the extent not expressly admitted, Defendants deny the allegations in Paragraph 4 of the Complaint.

5. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 5 of the Complaint. To the extent not expressly admitted, Defendants deny the allegations in Paragraph 5 of the Complaint.

6. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 6 of the Complaint. To the extent not expressly admitted, Defendants deny the allegations in Paragraph 6 of the Complaint.

7. Defendants deny that Stephanie Hu is the registered agent of Grand West Residential Condominium Association, Inc. Defendants admit the remaining allegations in Paragraph 7 of the Complaint. To the extent not expressly admitted, Defendants deny the allegations in Paragraph 7 of the Complaint

8. Defendants admit the allegations in Paragraph 8 of the Complaint.

9. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 9 of the Complaint. To the extent not expressly admitted, Defendants deny the allegations in Paragraph 9 of the Complaint.

10. Defendants deny the principal place of business is 9779 Bellaire Blvd., affirmatively aver that the principal place of business is 9889 Bellaire Blvd. and admit the remaining allegations in Paragraph 10 of the Complaint.

11. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 11 of the Complaint. To the extent not expressly admitted, Defendants deny the allegations in Paragraph 11 of the Complaint.

12. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 12 of the Complaint. To the extent not expressly admitted, Defendants deny the allegations in Paragraph 12 of the Complaint.

13. Defendants deny violating any statutes or common law, specifically including any civil rights violations. Defendants admit that this Court has jurisdiction over claims brought pursuant

to the Fair Housing Act.  To the extent not expressly admitted, Defendants deny the allegations in Paragraph 13 of the Complaint.

14.     Defendants do not object to venue in the Southern District of Texas.

15.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 15 of the Complaint. To the extent not expressly admitted, Defendants deny the allegations in Paragraph 15 of the Complaint.

16.     Defendants reallege and fully incorporate herein by reference the forgoing paragraphs. To the extent not expressly admitted, Defendants deny the allegations in Paragraph 16 of the Complaint and the affidavits reference therein.

17.     Defendants admit the allegations in Paragraph 17 of the Complaint.

18.     Defendants deny the allegations in Paragraph 18 of the Complaint.

19.     Defendants admit Josie Lin has previously worked with Re/Max but does not currently have any affiliation with that entity and that Josie Lin has an ownership interest in UMRE. To the extent not expressly admitted, Defendants deny the allegations in Paragraph 19 of the Complaint.

20.      Defendants admit the allegations in Paragraph 20 of the Complaint.

21.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 21 of the Complaint. Defendants affirmatively aver that Plaintiffs did not disclose that each of them is a licensed real estate broker. To the extent not expressly admitted, Defendants deny the allegations in Paragraph 21 of the Complaint.

22.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 22 of the Complaint. To the extent not expressly admitted, Defendants deny the allegations in Paragraph 22 of the Complaint.

23. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 23 of the Complaint. To the extent not expressly admitted, Defendants deny the allegations in Paragraph 23 of the Complaint.

24. Defendants admit three individuals who appear to be the Plaintiffs came to the Grand West Condominiums and met with Josie Lin on or about August 20, 2022. To the extent not expressly admitted, Defendants deny the allegations in Paragraph 24 of the Complaint.

25. Defendants admit three individuals who appear to be the Plaintiffs came to the Grand West Condominiums and met with Josie Lin on or about August 20, 2022. To the extent not expressly admitted, Defendants deny the allegations in Paragraph 25 of the Complaint.

26. Defendants deny the allegations in Paragraph 26 of the Complaint.

27. Defendants deny the allegations in Paragraph 27 of the Complaint.

28. Defendants admit Josie Lin showed Plaintiffs some of the units, but was unable to complete the tour herself due to a shortage of staffing at the front desk, and that another individual completed the tour. Defendants admit that the prices of the units are firm and not typically open for negotiation. To the extent not expressly admitted, Defendants deny the allegations in Paragraph 28 of the Complaint.

29. Defendants admit that Plaintiffs returned to the office and met with Josie Lin. To the extent not expressly admitted, Defendants deny the allegations in Paragraph 29 of the Complaint.

30. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 30 of the Complaint. To the extent not expressly admitted, Defendants deny the allegations in Paragraph 30 of the Complaint.

31.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 31 of the Complaint. To the extent not expressly admitted, Defendants deny the allegations in Paragraph 31 of the Complaint.

32.     Defendants admit that the price of the condominium units are firm and not typically open for negotiation. To the extent not expressly admitted, Defendants deny the allegations in Paragraph 32 of the Complaint.

33.     Defendants deny the allegations in Paragraph 33 of the Complaint.

34.     Defendants admit Plaintiffs requested a copy of the bylaws and that Josie Lin did not have a copy to provide to Plaintiffs. To the extent not expressly admitted, Defendants deny the allegations in Paragraph 34 of the Complaint.

35.     Defendants admit there were additional conversations between Plaintiffs and Josie Lin, but Defendants did not record the conversations. Though Josie Lin recalls the general nature of the conversations and some of the specific statements made, she does not recall the specific language quoted by Plaintiffs in Paragraph 35 of the Complaint. Therefore, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 35 of the Complaint. To the extent not expressly admitted, Defendants deny the allegations in Paragraph 35 of the Complaint.

36.     Defendants admit there were additional conversations between Plaintiffs and Josie Lin, but Defendants did not record the conversations. Though Josie Lin recalls the general nature of the conversations and some of the specific statements made, she does not recall the specific language quoted by Plaintiffs in Paragraph 36 of the Complaint. Therefore, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in

Paragraph 36 of the Complaint. To the extent not expressly admitted, Defendants deny the allegations in Paragraph 36 of the Complaint.

37. Defendants admit there were additional conversations between Plaintiffs and Josie Lin, but Defendants did not record the conversations. Though Josie Lin recalls the general nature of the conversations and some of the specific statements made, she does not recall the specific language quoted by Plaintiffs in Paragraph 37 of the Complaint. Therefore, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 37 of the Complaint. To the extent not expressly admitted, Defendants deny the allegations in Paragraph 37 of the Complaint.

38. Defendants admit there were additional conversations between Plaintiffs and Josie Lin, but Defendants did not record the conversations. Though Josie Lin recalls the general nature of the conversations and some of the specific statements made, she does not recall the comments described by Plaintiffs in Paragraph 38 of the Complaint. Therefore, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 38 of the Complaint. To the extent not expressly admitted, Defendants deny the allegations in Paragraph 38 of the Complaint.

39. Defendants admit there were additional conversations between Plaintiffs and Josie Lin, but Defendants did not record the conversations. Though Josie Lin recalls the general nature of the conversations and some of the specific statements made, she does not recall the specific language quoted by Plaintiffs in Paragraph 39 of the Complaint. Therefore, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 39 of the Complaint. To the extent not expressly admitted, Defendants deny the allegations in Paragraph 39 of the Complaint.

40. Defendants deny the allegations in Paragraph 40 of the Complaint.

41. Defendants specifically deny encouraging occupancy by particular racial demographics. Defendants affirmatively aver that the language quoted in Paragraph 41 of the Complaint is misrepresented and taken out of context. The language is contained in a small section of much broader material, and relates to the close proximity of the property to Katy Asian Town. To the extent not expressly admitted, Defendants deny the allegations in Paragraph 41 of the Complaint.

42. Defendants deny the allegations in Paragraph 42 of the Complaint.

43. Defendants deny the allegations in Paragraph 43 of the Complaint.

44. Defendants reallege and fully incorporate by reference all preceding paragraphs.

45. Defendants deny the allegations in Paragraph 45 of the Complaint.

46. Defendants deny the allegations in Paragraph 46 of the Complaint.

47. Defendants deny the allegations in Paragraph 47 of the Complaint.

48. Defendants deny the allegations in Paragraph 48 of the Complaint.

49. Defendants deny the allegations in Paragraph 49 of the Complaint.

50. Defendants deny the allegations in Paragraph 50 of the Complaint.

51. Defendants deny the allegations in Paragraph 51 of the Complaint.

52. Defendants deny the allegations in Paragraph 52 of the Complaint.

53. Defendants deny the allegations in Paragraph 53 of the Complaint.

54. Defendants deny the allegations in Paragraph 54 of the Complaint.

55. Defendants deny the allegations in Paragraph 55 of the Complaint.

56. Defendants deny the allegations in Paragraph 56 of the Complaint.

57. Defendants reallege and fully incorporate by reference the foregoing paragraphs.

58. Defendants deny the allegations in Paragraph 58 of the Complaint.

59. Defendants deny the allegations in Paragraph 59 of the Complaint.

60. Defendants deny the allegations in Paragraph 60 of the Complaint.

61. Defendants reallege and fully incorporate by reference the foregoing paragraphs.

62. Defendants deny the allegations in Paragraph 62 of the Complaint.

63. Defendants deny the allegations in Paragraph 63 of the Complaint, specifically including Paragraph 63(a) through 63(f).

64. Defendants deny Plaintiffs are entitled to any of the requests alleged in Section VII. "Prayer for Relief" of the Complaint, specifically including Paragraphs A. though H.

### III. DEFENSES

1. Plaintiffs are barred in whole or in part by estoppel.

2. The Complaint fails to state a claim on which relief can be granted.

Defendants reserve the right to assert additional defenses in accordance with the Court's orders and Federal Rules of Civil Procedure.

### IV. JURY DEMAND

Defendants demand a jury trial and tender the appropriate fee with this Original Answer.

### V. ATTORNEY'S FEES

Defendants are entitled to recover their reasonable attorney's fees and costs pursuant to 42 U.S.C. §3613(c)(2).

### VI. PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendants Josie Lin and United Property Management pray that Plaintiffs' suit be dismissed with prejudice, all claims be denied in their entirety, Defendants be awarded their reasonable attorney's fees and costs, and that Plaintiffs

take nothing by this suit against Defendants, and further pray for such other and further relief, both general and special, at law and in equity, to which Defendants may be justly entitled.

        Respectfully submitted,

        **TRIBBLE | ROSS**

        By**:** **/s/ Tracey N. Ellison**
            Wesson H. Tribble
            State Bar No. 20213960
            Fed. Bar No. 9201
            Tracey N. Ellison
            State Bar No. 15054720
            Fed Bar No. 17744
            6371 Richmond Avenue
            Houston, Texas 77057
            Telephone: (713) 622-0444
            Facsimile: (713) 622-0555
            wtribble@tribblelawfirm.com
            tellison@tribblelawfirm.com

        **ATTORNEYS FOR DEFENDANTS,**
        **UNITED PROPERTY MANAGEMENT**
        **And JOSIE LIN**

## CERTIFICATE OF SERVICE

     I hereby certify that a true and correct copy of the foregoing has been served on all counsel of record by electronic filing pursuant to the Federal Rules of Civil Procedure on December 13, 2022.

Jonathan R. Spivey
POLSINELLI, PC
1000 Louisiana, Ste 6400
Houston, Texas 77002

*Attorney for Defendant RE/MAX LLC, a Delaware Limited Liability Company*

Tarush R. Anand
MCGLINCHEY STAFFORD, PLLC
1001 McKinney, Suite 1500
Houston, Texas 77002

*Attorney for Defendant eXp Realty, PLLC*

11

Justin A. Moore
Paul K. Stafford
STAFFORD MOORE, PLLC
325 N. St. Paul Street, suite 2210
Dallas, TX 75201
***Attorney for Plaintiffs, James Ra-Amari, Misty Ra-Amari and Rosemary Afful***

                                            */s/Tracey N. Ellison*
                                            Tracey N. Ellison