United States District Court
Southern District of Texas

**ENTERED**

March 03, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JAMES RA-AMARI, *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Civil Action No. H-22-3171 |
| | § | |
| RE/MAX LLC, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## ORDER

Pending before the Court are Defendant eXp Realty, LLC's Rule 12(b)(6)

Motion to Dismiss Plaintiffs' First Amended Complaint (Document No. 19),

Defendant RE/MAX, LLC's Motion to Dismiss under 12(b)(2) for Lack of Personal

Jurisdiction and 12(b)(6) for Failure to State a Claim (Document No. 23), Motion to

Dismiss and Original Answer of Defendants Josie Lin and United Property

Management (Document No. 28), Motion to Dismiss and Original Answer of

Defendants Josie Lin and United Property Management (Document No. 29),

Defendant UMRE Investment Holdings, LLC's Motion to Dismiss Plaintiffs' First

Amended Original Complaint Pursuant to Federal Rule of Civil Procedures 12(B)(6)

(Document No. 30), and Defendant Grand West Residential Condominium

Association, Inc.'s Motion to Dismiss Plaintiffs' First Amended Original Complaint

Pursuant to Federal Rule of Civil Procedure 12(b)(6) (Document No. 31). Having

considered the motions, submissions, and appliable law, the Court finds Defendant

eXp Realty, LLC's motion should be granted, Defendant RE/MAX, LLC's motion

should be granted in part and denied as moot in part, Defendants Josie Lin and

United Property Management's motions should be granted, Defendant UMRE

Investment Holding's motion should be granted, and Defendant Grand West

Residential Condominium Association Inc.'s motion should be granted.

## I. BACKGROUND

This is a housing discrimination case. In August of 2022, Plaintiff James Ra-

Amari, Plaintiff Misty Ra-Amari, and Plaintiff Rosemary Afful (collectively,

"Plaintiffs") visited the Grand West Condominiums (the "Condos") in Katy, Texas

with the intent to purchase three of the Condos for sale. Defendant Cheng Ching

"Josie" Lin ("Lin") was the relator selling the Condos, but also a resident and the

president of Defendant Grand West Residential Condominium Association, Inc. (the

"Association"). She gave Plaintiffs a tour of the properties and later refused to sell

to Plaintiffs who wished to make offers. Plaintiffs allege Lin said she would not sell

to Plaintiffs because she "had a gut feeling that she would not get along with"

Plaintiffs and wanted to institute an age limit that they would not have met.[1]

Plaintiffs also allege the promotional materials created by Lin include information

---

[1] *Plaintiffs' First Amended Original Complaint*, Document No. 3, ¶ 2.

on "[w]hy [the Condos] [are] a new option for Chinese and Asian communities,"[2]

which they contend indicates an impermissible preference based on race.

Based on the foregoing, on September 16, 2022, Plaintiffs brought suit against

Lin, the Association, Defendant United Property Management ("UPM"), Defendant

UMRE Investment Holdings, LLC ("UMRE"), Defendant eXp Realty, LLC

("eXp"), and Defendant RE/MAX, LLC ("RE/MAX") (collectively, "Defendants")

for violations of the Fair Housing Act, 42 U.S.C. § 3601 *et seq.* and intentional

infliction of emotional distress. On November 22, 2022, eXp moved to dismiss. On

November 23, 2022, RE/MAX moved to dismiss. On December 13, 2022, Lin,

UPM, UMRE, and the Association moved to dismiss.

## II. STANDARD OF REVIEW

### A.    12(b)(2) Standard

Federal Rule of Civil Procedure 12(b)(2) governs dismissal for lack of

personal jurisdiction. Fed. R. Civ. P. 12(b)(2). Under Rule 12(b)(2), a plaintiff bears

the burden of establishing personal jurisdiction and must establish a *prima facie* case

of personal jurisdiction. *Wilson v. Belin*, 20 F.3d 644, 648 (5th Cir. 1994). The Court

"may resolve a jurisdictional issue by reviewing pleadings, affidavits,

interrogatories, depositions, oral testimony, exhibits, any part of the record, and any

---

[2] *Plaintiffs' First Amended Original Complaint*, Document No. 3, ¶ 3.

3

combination thereof." *Command-Aire Corp. v. Ontario Mech. Sales & Serv. Inc.*, 963 F.2d 90, 95 (5th Cir. 1992). The Court accepts as true all uncontroverted allegations in the complaint, and conflicts between affidavits must be resolved in the plaintiff's favor. *Wilson*, 20 F.3d at 648 (quoting *Bullion v. Gillespie*, 895 F.2d 213, 217 (5th Cir. 1990)). A *prima facie* case of personal jurisdiction may be overcome if the defendant "present[s] a compelling case that . . . render[s] jurisdiction unreasonable." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 477 (1985). The Court must find it has personal jurisdiction over a defendant before making any decision as to the merits. *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 430 (2007).

## B.    12(b)(6) Standard

Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Under Rule 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although "the pleading standard Rule 8 announces does not require 'detailed factual allegations,' . . . it demands more than . . . 'labels and conclusions.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "[A] formulaic recitation of the elements of a cause of action will not do." *Id.* (quoting *Twombly*, 550 U.S. at 555).

4

In deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim, "[t]he 'court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.' " *In re Katrina Canal Breeches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). To survive the motion, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "Conversely, 'when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court.' " *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (quoting *Twombly*, 550 U.S. at 558).

## III. LAW & ANALYSIS

Defendants contend Plaintiffs fail to adequately state a claim upon which relief may be granted as to both their Fair Housing Act claim and intentional infliction of emotional distress claim. RE/MAX additionally contends Plaintiffs fail to plead facts showing it is subject to personal jurisdiction in this forum. Plaintiffs contend their complaint adequately pleads their claims and personal jurisdiction as to RE/MAX. The Court addresses each motion to dismiss individually, beginning with eXp's motion to dismiss.

A.    *EXp's Motion to Dismiss*

EXp contends Plaintiffs fail to adequately plead facts to show eXp is vicariously liable for Lin's actions. Plaintiffs contend they have adequately pleaded facts supporting their claims against eXp.

The Fair Housing Act (the "Act") prohibits "any person or other entity whose business includes engaging in residential real estate-related transaction to discriminate," because of race. 42 U.S.C. § 3605(a); *Meyer v. Holley*, 537 U.S. 280, 285 (2003). Under the Act, an action brought for compensation for housing discrimination is, essentially, a tort action. *Meyer*, 537 U.S. at 285. Thus, traditional tort rules, such as vicarious liability, apply wherein an employer "may be liable for both negligent and intentional torts committed within the scope of his or her employment." *Id.* (quoting *Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742, 756 (1998)). In Texas, a claim for intentional infliction of emotional distress has four elements: "(1) the defendant acted intentionally or recklessly; (2) its conduct was extreme and outrageous; (3) its actions caused the plaintiff emotional distress; and (4) the emotional distress was severe." *Hersh v. Tatum*, 562 S.W.3d 462, 468 (Tex. 2017) (citing *Kroger Tex. Ltd. P'ship v. Suberu*, 216 S.W.3d 788, 796 (Tex. 2006)). Further, "[w]here the gravamen of a plaintiff's complaint is really another tort, intentional infliction of emotional distress should not be available." *Hoffmann-La Roche Inc. v. Zeltwanger*, 144 S.W.3d 438, 447 (Tex. 2004). And "when the

6

substance of the complaint is covered by another tort, 'a plaintiff cannot maintain an intentional infliction claim regardless of whether he or she succeeds on, or even makes, [an alternate] claims.' " *Id.* at 448.

Here, Plaintiffs allege eXp employed Lin without providing any factual basis at all to support that allegation.[3] Plaintiffs do not allege Lin was acting in the course and scope of her alleged employment with eXp when she allegedly discriminated against them. Indeed, the operative complaint is almost entirely devoid of any details as to eXp's involvement with Lin. Plaintiffs contend they need not provide any more than a bare bones factual recitation of the basis of their claims. However, Plaintiffs must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Further, Plaintiffs must plead as least some facts indicating a Lin was acting in position as an agent in order to impute liability onto eXp. Plaintiffs fail to do so here. Because Plaintiffs make one brief and conclusory allegation as to eXp, the Court finds Plaintiffs fail to adequately state a claim for relief against eXp as their claims under the Act. Further, given that a claim under the Act is considered a tort, the Court finds Plaintiffs' intentional infliction of emotional distress claims are barred as a matter of law. Thus, the Court finds eXp's motion to

---

[3] *Plaintiffs' First Amended Original Complaint*, Document No. 3, ¶ 19.

dismiss should be granted. Accordingly, eXp's motion to dismiss is granted. The Court now turns to RE/MAX's motion to dismiss.

### B.     RE/MAX's Motion to Dismiss

RE/MAX contends: (1) this Court lacks personal jurisdiction over RE/MAX as it a Delaware corporation headquartered in Colorado and lacks any connection to the specific incident at issue here; and (2) alternatively if the Court finds there is personal jurisdiction, Plaintiffs fail adequately plead facts to show RE/MAX is vicariously liable for Lin's actions. Plaintiffs contend: (1) this Court has personal jurisdiction over RE/MAX conducts business throughout the country, including Texas; and (2) they have adequately pleaded their claims against RE/MAX. The Court first evaluates the personal jurisdiction issue.

A federal court may exercise jurisdiction over a nonresident defendant only if: (1) the state's long-arm statute would confer jurisdiction; and (2) due process is satisfied under the Fourteenth Amendment to the United States Constitution. *Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 869 (5th Cir. 2000). The Texas long-arm statute has been interpreted as extending to the limits of due process. *See Gillespie*, 895 F.2d at 215. Thus, the jurisdictional analysis is collapsed into one inquiry as to whether jurisdiction comports with federal due process. *Id.* For a federal court to have jurisdiction over a nonresident defendant, due process requires that the defendant have certain "minimum contacts" with the forum state such that

the exercise of jurisdiction does not offend "traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)). A court may exercise personal jurisdiction over a nonresident defendant based on general personal jurisdiction or specific personal jurisdiction.

To be subject to general personal jurisdiction, a foreign corporation must engage in "continuous corporate operations within [the] state" that are "so substantial and of such a nature as to justify suits against it on causes of action arising from dealings entirely distinct from those activities." *Daimler AG v. Bauman*, 571 U.S. 117, 126 (2014) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). The foreign corporation's affiliations with the forum state must be "so continuous and systematic as to render it essentially at home in [that] State." *Daimler*, 571 U.S. at 127 (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)) (internal quotations omitted). While to be subject to specific personal jurisdiction, a defendant must take "some act by which [it] purposefully avails itself of the privilege of conducting activities within the forum State." *Hanson v. Denckla*, 357 U.S. 235, 253 (2013). To establish a nexus between the defendant's contacts and the plaintiff's claims, the plaintiff must show how the claims "arise out of or relate to the defendant's contacts with the forum." *Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.*, 141 S. Ct. 1017, 1025 (2021) (quoting *Bristol-*

*Myers Squibb Co. v. Super. Ct. of Cal.*, 137 S. Ct. 1773, 1780 (2017)). "[T]he plaintiff cannot be the only link between the defendant and the forum. Rather, it is the defendant's conduct that must form the necessary connection with the forum State that is the basis for its jurisdiction over [it]." *Walden v. Fiore*, 571 U.S. 277, 285–86 (2014).

RE/MAX contends Plaintiffs fail to allege any facts sufficient to show it is subject to either general or specific personal jurisdiction in Texas. Plaintiffs contend Lin was a "realtor" for RE/MAX at the time of the alleged incident as evidenced by the usage of RE/MAX's logo on the promotional materials disseminated by Lin advertising the Condos.[4] In support of its contentions, RE/MAX alleges: (1) it is a Delaware limited liability company;[5] (2) it is headquartered and maintains a principal place of business in Denver, Colorado;[6] (3) RE/MAX's parent company and sole member is a Delaware entity with its headquarters and principal place of business in Denver, Colorado;[7] (4) while RE/MAX is "one of the world's leading franchisors in the real estate industry," its franchisees operate as separate and distinct

---

[4] *Plaintiffs' First Amended Original Complaint*, Document No. 3 at 5.

[5] *Defendant RE/MAX, LLC's Motion to Dismiss under 12(b)(2) for Lack of Personal Jurisdiction and 12(b)(6) for Failure to State a Claim*, Document No. 23, Exhibit 2, ¶ 6 (*Declaration of Dana Tuggle*) [hereinafter *Declaration of Dana Tuggle*].

[6] *Declaration of Dana Tuggle*, *supra* note 4, ¶ 6.

[7] *Declaration of Dana Tuggle*, *supra* note 4, ¶¶ 8–11.

businesses from RE/MAX;[8] (5) it does not engage in real estate brokerage activity or employ the real estate salespeople who are associated with its franchisees;[9] (6) it had no contact with nor has it conducted any business with Plaintiffs;[10] (7) it "does not engage in business transaction targeted at Texas consumers," but rather "is principally engaged in business-to-business transaction of selling franchise opportunities;"[11] and (8) Lin's franchise agreement with RE/MAX was terminated on December 1, 2021, and it did not manage the day-to-day operations of Lin's business.[12] The Court first evaluates whether general personal jurisdiction exists before turning to whether specific personal jurisdiction exists in this case.

RE/MAX contends it should not be subject to general personal jurisdiction because its only connections to this forum are its franchise agreements like the one it had with Lin. In response, Plaintiffs rely on their complaint and allege they have sufficiently pleaded facts to support a finding of personal jurisdiction as to RE/MAX, but they do not provide any evidence to controvert RE/MAX's jurisdictional facts as set out in its supporting declaration. Thus, the Court relies only

---

[8] *Declaration of Dana Tuggle*, *supra* note 4, ¶ 13.

[9] *Declaration of Dana Tuggle*, *supra* note 4, ¶¶ 13–18.

[10] *Declaration of Dana Tuggle*, *supra* note 4, ¶ 23.

[11] *Declaration of Dana Tuggle*, *supra* note 4, ¶ 24.

[12] *Declaration of Dana Tuggle*, *supra* note 4, ¶¶ 20, 22.

11

on the facts pleaded in the operative complaint and RE/MAX's motion to dismiss and supporting declaration. In these documents, there is no evidence of the number of franchise agreements RE/MAX has with Texas residents, though it does admit there are roughly 60,000 salespeople associated with its franchises in the United States.[13] Nor is there any mention of the number of franchise agreements with Texas residents. Plaintiffs, in their response, did not provide any evidence to clarify or controvert these facts, nor did they request jurisdictional discovery to determine the strength of RE/MAX's connections with the forum. As it stands, the uncontroverted evidence establishes RE/MAX's only connection to the forum is through at least one franchise agreement with Lin, which was not even in effect at the time of the alleged discrimination.[14] Thus, the Court finds RE/MAX's connections to the forum are not so "continuous and systematic" so as to render it "essentially at home" in the forum. *See Daimler*, 571 U.S. at 127. Consequently, the Court finds Plaintiffs fail to plead any facts showing this Court has general personal jurisdiction over RE/MAX. Now the Court turns to whether it has specific personal jurisdiction over RE/MAX.

After a careful reading of the operative complaint and Plaintiffs' response to the motion to dismiss, the Court is unable to identify any facts supporting a finding

---

[13] *Declaration of Dana Tuggle, supra* note 4, ¶ 17.

[14] *Declaration of Dana Tuggle, supra* note 4, ¶ 20.

in favor of specific personal jurisdiction in this case. Plaintiffs do not plead any direct actions by RE/MAX. Rather, the basis of Plaintiffs' claims are acts committed by Lin, who's only connection to RE/MAX is a franchise agreement that was not in effect at the time the alleged acts were committed. To establish specific personal jurisdiction, the plaintiff must show how the claims "arise out of or relate to the defendant's contacts with the forum." *Ford Motor Co.*, 141 S. Ct. at 1025. Plaintiffs fail to do so here as their claims do not arise out of RE/MAX's franchise agreement with Lin. Thus, the Court finds Plaintiffs fail to plead any facts showing this Court may exercise specific personal jurisdiction over RE/MAX. Based on this and the above finding, the Court further finds Plaintiffs fail to plead facts showing RE/MAX is subject to personal jurisdiction in this forum. Accordingly, the motion to dismiss for lack of personal jurisdiction is granted.[15]

---

[15] Given the Court's ruling on the personal jurisdiction issue, the Court further finds RE/MAX's motion to dismiss for failure to state a claim should be denied as moot.

C.    *Lin and UPM's Motion to Dismiss*[16]

Lin and UPM contend Plaintiffs fail to adequately plead any facts supporting their intentional infliction of emotional distress claims against them. Plaintiffs contend they have adequately pleaded their claims against them.

In Texas, a claim for intentional infliction of emotional distress has four elements: "(1) the defendant acted intentionally or recklessly; (2) its conduct was extreme and outrageous; (3) its actions caused the plaintiff emotional distress; and (4) the emotional distress was severe." *Hersh v. Tatum*, 562 S.W.3d 462, 468 (Tex. 2017) (citing *Kroger Tex. Ltd. P'ship v. Suberu*, 216 S.W.3d 788, 796 (Tex. 2006)). Further, "[w]here the gravamen of a plaintiff's complaint is really another tort, intentional infliction of emotional distress should not be available." *Hoffmann-La Roche Inc. v. Zeltwanger*, 144 S.W.3d 438, 447 (Tex. 2004). And "when the substance of the complaint is covered by another tort, 'a plaintiff cannot maintain an intentional infliction claim regardless of whether he or she succeeds on, or even makes, [an alternate] claims.' " *Id.* at 448.

---

[16] Lin and UPM jointly filed two motions to dismiss. *See Motion to Dismiss and Original Answer of Defendants Josie Lin and United Property Management*, Document No. 28 and Motion to Dismiss *and Original Answer of Defendants Josie Lin and United Property Management*, Document No. 29. The motions are identical apart from the font size, thus the Court addresses both motions at the same time.

Here, Lin and UPM contend the tort of intentional infliction of emotional distress is a gap filler tort that cannot stand as the gravamen Plaintiffs' complaint is their discrimination claims under the Act. Given that a claim under the Act is considered a tort, the Court finds Plaintiffs' intentional infliction of emotional distress claims are barred. Thus, the Court finds Lin and UPM's motion to dismiss the intentional infliction of emotional distress claims should be granted. Accordingly, Lin and UPM's motion to dismiss the intentional infliction of emotional distress claims is granted.

D.     *UMRE's Motion to Dismiss*

UMRE contends Plaintiffs fail to adequately plead facts to show UMRE is vicariously liable for Lin's actions. Plaintiffs contend they have adequately pleaded their claims against UMRE.

The Act prohibits "any person or other entity whose business includes engaging in residential real estate-related transaction to discriminate," because of race. 42 U.S.C. § 3605(a); *Meyer v. Holley*, 537 U.S. 280, 285 (2003). Under the Act, an action brought for compensation for housing discrimination is, essentially, a tort action. *Meyer*, 537 U.S. at 285. Thus, traditional tort rules, such as vicarious liability, apply wherein an employer "may be liable for both negligent and intentional torts committed within the scope of his or her employment." *Id.* (quoting *Burlington Indus.*, 524 U.S. at 756). In Texas, a claim for intentional infliction of

15

emotional distress has four elements: "(1) the defendant acted intentionally or recklessly; (2) its conduct was extreme and outrageous; (3) its actions caused the plaintiff emotional distress; and (4) the emotional distress was severe." *Hersh v. Tatum*, 562 S.W.3d 462, 468 (Tex. 2017) (citing *Kroger Tex. Ltd. P'ship v. Suberu*, 216 S.W.3d 788, 796 (Tex. 2006)). Further, "[w]here the gravamen of a plaintiff's complaint is really another tort, intentional infliction of emotional distress should not be available." *Hoffmann-La Roche Inc. v. Zeltwanger*, 144 S.W.3d 438, 447 (Tex. 2004). And "when the substance of the complaint is covered by another tort, 'a plaintiff cannot maintain an intentional infliction claim regardless of whether he or she succeeds on, or even makes, [an alternate] claims.' " *Id.* at 448.

Here, Plaintiffs allege Lin is owns UMRE. Assuming this is true, Plaintiffs do not allege Lin was acting in the course and scope of her alleged position as a member of UMRE when she allegedly discriminated against them. Indeed, the complaint is almost entirely devoid of any details as to UMRE's involvement with the behavior that forms the basis of the complaint. Plaintiffs contend they need not provide any more than a bare bones factual recitation of the basis of their claims. However, Plaintiffs must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Further, Plaintiffs must plead as least some facts indicating a Lin was acting in position as a member or owner of UMRE in order to impute liability onto UMRE. Plaintiffs fail to do so here. Because Plaintiffs fail to

16

plead any facts that Lin was acting in the course and scope of her position as a member or owner of UMRE when the alleged acts occurred, the Court finds Plaintiffs fail to adequately state a claim for relief against UMRE as to their claims under the Act. Further, given that a claim under the Act is considered a tort, the Court finds Plaintiffs' intentional infliction of emotional distress claims are barred as a matter of law. Thus, the Court finds UMRE's motion to dismiss all claims should be granted. Accordingly, UMRE's motion to dismiss is granted.

### E.      The Association's Motion to Dismiss

The Association contends Plaintiffs fail to adequately plead facts to show the Association is vicariously liable for Lin's actions. Plaintiffs contend they have adequately pleaded their case against the Association.

The Act prohibits "any person or other entity whose business includes engaging in residential real estate-related transaction to discriminate," because of race. 42 U.S.C. § 3605(a); *Meyer v. Holley*, 537 U.S. 280, 285 (2003). Under the Act, an action brought for compensation for housing discrimination is, essentially, a tort action. *Meyer*, 537 U.S. at 285. Thus, traditional tort rules, such as vicarious liability, apply wherein an employer "may be liable for both negligent and intentional torts committed within the scope of his or her employment." *Id.* (quoting *Burlington Indus.*, 524 U.S. at 756). In Texas, a claim for intentional infliction of emotional distress has four elements: "(1) the defendant acted intentionally or

17

recklessly; (2) its conduct was extreme and outrageous; (3) its actions caused the plaintiff emotional distress; and (4) the emotional distress was severe." *Hersh v. Tatum*, 562 S.W.3d 462, 468 (Tex. 2017) (citing *Kroger Tex. Ltd. P'ship v. Suberu*, 216 S.W.3d 788, 796 (Tex. 2006)). Further, "[w]here the gravamen of a plaintiff's complaint is really another tort, intentional infliction of emotional distress should not be available." *Hoffmann-La Roche Inc. v. Zeltwanger*, 144 S.W.3d 438, 447 (Tex. 2004). And "when the substance of the complaint is covered by another tort, 'a plaintiff cannot maintain an intentional infliction claim regardless of whether he or she succeeds on, or even makes, [an alternate] claims.' " *Id.* at 448.

Here, Plaintiffs allege Lin is the president of the Association. Assuming this is true, Plaintiffs do not allege Lin was acting in the course and scope of her alleged position as president when she allegedly discriminated against them. Indeed, the complaint is almost entirely devoid of any details as to the Association's involvement with the behavior that forms the basis of the complaint. Plaintiffs contend they need not provide any more than a bare bones factual recitation of the basis of their claims. However, Plaintiffs must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Further, Plaintiffs must plead as least some facts indicating a Lin was acting in position as president in order to impute liability onto the Association. Plaintiffs fail to do so here. Because Plaintiffs fail to plead any facts that Lin was acting in the course and scope of her

position as president of the Association when the alleged acts occurred, the Court finds Plaintiffs fail to adequately state a claim for relief under the Act against the Association. Further, given that a claim under the Act is considered a tort, the Court finds Plaintiffs' intentional infliction of emotional distress claims are barred as a matter of law. Thus, the Court finds the Association's motion to dismiss should be granted. Accordingly, the Association's motion to dismiss is granted.

### III. CONCLUSION

Accordingly, the Court hereby

**ORDERS** that Defendant eXp Realty, LLC's Rule 12(b)(6) Motion to Dismiss Plaintiffs' First Amended Complaint (Document No. 19) is **GRANTED.** The Court further

**ORDERS** that Defendant RE/MAX, LLC's Motion to Dismiss under 12(b)(2) for Lack of Personal Jurisdiction and 12(b)(6) for Failure to State a Claim (Document No. 23) is **GRANTED IN PART** and **DENIED AS MOOT IN PART**. The motion is granted as to the motion to dismiss for lack of personal jurisdiction and denied as moot with respect to the motion to dismiss for failure to state a claim. The Court further

**ORDERS** that Motion to Dismiss and Original Answer of Defendants Josie Lin and United Property Management (Document No. 28) and Motion to Dismiss and Original Answer of Defendants Josie Lin and United Property Management

19

(Document No. 29) are **GRANTED** as to the intentional infliction of emotional distress claims. The Court further

**ORDERS** that Defendant UMRE Investment Holdings, LLC's Motion to Dismiss Plaintiffs' First Amended Original Complaint Pursuant to Federal Rule of Civil Procedures 12(B)(6) (Document No. 30) is **GRANTED**. The Court further

**ORDERS** that Defendant Grand West Residential Condominium Association, Inc.'s Motion to Dismiss Plaintiffs' First Amended Original Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(6) (Document No. 31) is **GRANTED**.

SIGNED at Houston, Texas, on this __3__ day of March, 2023.

DAVID HITTNER
United States District Judge