United States District Court
Southern District of Texas
**ENTERED**
February 27, 2024
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JAMES RA-AMARI, *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Civil Action No. H-22-3171 |
| | § | |
| RE/MAX LLC, *et al.*, | § | |
| | § | |
| Defendants. | § | |
| | § | |

## ORDER

Pending before the Court is Defendant Cheng Cheng "Josie" Lin and United
Property Management's Motion for Judgment on the Pleadings (Document No. 68)
and Plaintiffs' Motion for Leave to File Plaintiffs' Objections and Response to
Defendants Cheng Cheng "Josie" Lin and United Property Management's Motion
for Judgment on the Pleadings (Document No. 78). Having considered the motion,
submissions, and applicable law, the Court finds that the defendant's motion should
be granted.

## I. BACKGROUND

This is a housing discrimination case. In August of 2022, Plaintiff James Ra-
Amari, Plaintiff Misty Ra-Amari, and Plaintiff Rosemary Afful ("Afful")
(collectively, "Plaintiffs") visited the Grand West Condominiums (the "Condos") in
Katy, Texas, with the intent to purchase three of the Condos for sale. Defendant

Cheng Cheng "Josie" Lin ("Lin") was the realtor selling the Condos but also a resident and the president of Defendant Grand West Residential Condominium Association, Inc. (the "Association"). The Plaintiffs contend Lin gave them a tour of the properties and later refused to sell to Plaintiffs who wished to make offers on three condo units. Plaintiffs allege Lin said she would not sell to Plaintiffs because she "had a gut feeling that she would not get along with" Plaintiffs and wanted to institute an age limit they would not have met.[1] Plaintiffs also allege the promotional materials created by Lin include information on "[w]hy [the Condos] [are] a new option for Chinese and Asian communities,"[2] which they contend indicates an impermissible preference based on race.

Based on the foregoing, on September 16, 2022, Plaintiffs brought suit against Lin, the Association, Defendant United Property Management ("UPM"), Defendant UMRE Investment Holdings, LLC ("UMRE"), Defendant eXp Realty, LLC ("eXp"), and Defendant RE/MAX, LLC ("RE/MAX") for violations of the Fair Housing Act ("FHA"), 42 U.S.C. § 3601 *et seq.* and intentional infliction of emotional distress. The Association, RE/MAX, UMRE, and eXp have all been dismissed as parties in this suit. Further, the Plaintiffs' cause of action for intentional

---

[1] *Plaintiffs' First Amended Original Complaint*, Document No. 3, ¶ 2.

[2] *Plaintiffs' First Amended Original Complaint*, Document No. 3, ¶ 3.

2

infliction of emotional distress has also been disposed of. As a result, the FHA claim

arising from Sections 3604 (a), (b), (c), and Section 3617 against Lin and UPM

(collectively, the "Defendants") is the only remaining operative cause of action. On

November 29, 2023, the Defendants moved for judgment on the pleadings as to the

remaining FHA claim. Plaintiffs did not initially respond to the motion for judgment.

However, on January 20, 2024, nearly a month after the Plaintiffs 'response to the

Defendants' motion for judgment on the pleadings was due, the Plaintiffs moved for

leave to file an untimely response in opposition.[3]

## II. STANDARD OF REVIEW

Motions made pursuant to Federal Rule of Civil Procedure 12(c) are

"designed to dispose of cases where the material facts are not in dispute, and a

judgment on the merits can be rendered by looking to the substance of the pleadings

and any judicially noticed facts." *Great Plains Trust Co. v. Morgan Stanley Dean

Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002) (citations and internal quotation

marks omitted). "A motion for judgment on the pleadings under Rule 12(c) is subject

to the same standard as a motion to dismiss under Rule 12(b)(6)." *Doe v. MySpace,

Inc.*, 528 F.3d 413, 418 (5th Cir. 2008). Therefore, like a motion under Rule 12(b)(6),

Rule 12(c) allows dismissal if a plaintiff fails to state a claim upon which relief may

---

[3] The Court notes the Plaintiffs' motion for leave was filed nearly 20 days after the response would be due.

be granted. *Id.* Under Rule 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although "the pleading standard Rule 8 announces does not require 'detailed factual allegations,' it demands more than 'labels and conclusions.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "[A] formulaic recitation of the elements of a cause of action will not do." *Id.* (quoting *Twombly*, 550 U.S. at 555).

In deciding a Rule 12(c) motion, "[t]he 'court accepts all well-pleaded facts as true, viewing them in the light most favorable to the [non-movant].' " *In re Katrina Canal Breeches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). As with a Rule 12(b)(6) motion, the Court is permitted to consider "the complaint, its proper attachments, documents incorporated into the complaint by reference, and matters which a court may take judicial notice." *Wolcott v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011). The motion "should be granted if there is no issue of material fact and if the pleadings show that the moving party is entitled to judgment as a matter of law." *Van Duzer v. U.S. Bank Nat'l Ass'n*, 995 F. Supp. 2d 673, 683 (S.D. Tex. 2014) (Lake, J.) (citing *Greenberg v. Gen. Mills Fun Grp., Inc.*, 478 F.2d 254, 256 (5th Cir. 1973)).

4

## III.  LAW & ANALYSIS

The Defendants contend that the Plaintiffs' FHA claims fail as a matter of law and judgment on the pleadings is proper. The Defendants further contend that the Plaintiffs did not timely respond to the motion for judgment and that the Plaintiffs should not be granted leave to file an untimely response. However, Plaintiffs contend they should be granted leave to file a response due to excusable neglect. The Court first addresses the Plaintiffs' motion for leave.

### A.  *Plaintiffs' Motion for Leave to File*

In a short motion for leave filed nearly a month after their response was due, the Plaintiffs contend that the delay resulted from excusable neglect because the "emailed notice of filing was overlooked and deleted."[4] Plaintiffs further contend there will be no prejudice in allowing leave, and the claims in their proposed response are meritorious. Defendants contend: (1) Plaintiffs use the wrong set of factors to evaluate excusable neglect[5]; (2) "overlooking" the email is not a justifiable

---

[4] *Plaintiffs' Motion for Leave to File Plaintiffs' Objections and Response to Defendants Cheng Cheng "Josie" Lin and United Property Management's Motion for Judgment on the Pleadings*, Document No. 78 at 2.

[5] The Court notes the Plaintiffs cited a Sixth Circuit case to support their proffered factors regarding excusable neglect. *Yeschick v. Mineta*, 675 F.3d 622, 628-29 (6th Cir. 2012) (In determining whether relief is appropriate courts consider three factors (1) culpability—that is, whether the neglect was excusable; (2) any prejudice to the opposing party; (3) whether the party holds a meritorious claim or defense.). However, this is the test related to Federal Rule of Civil Procedure 60(b)(1), which is not at issue in this case. The

5

reason to allow leave; and (3) the delay caused by the Plaintiffs prejudices the Defendants.

Under Federal Rule of Civil Procedure 6(b), a court may extend certain deadlines if the moving party demonstrates "excusable neglect." FED. R. CIV. P. 6(b)(1)(B). The factors to be considered in ascertaining whether Plaintiffs have demonstrated excusable neglect include: (1) the danger of prejudice to the opposing party; (2) the length and impact of the delay; (3) the reason for the delay; and (4) the moving party's good faith. *DaSilva v. United States Citizenship & Immigration Servs*, 599 F. App'x 535, 544 (5th Cir. 2014) (per curiam) (citing *Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 168 (5th Cir. 2006)). The Court will address each factor in turn.

### 1.    *Prejudice to the Defendants*

Plaintiffs contend "neither party will be prejudiced" because the parties are working together on pretrial matters and "substantial discovery has occurred."[6] The Defendants contend substantial discovery has not occurred because the Plaintiffs

---

Fifth Circuit factors for a Rule 6(b) motion, discussed below, is the standard this Court uses to determine if leave should be granted due to excusable neglect.

[6] *Plaintiffs' Motion for Leave to File Plaintiffs' Objections and Response to Defendants Cheng Cheng "Josie" Lin and United Property Management's Motion for Judgment on the Pleadings*, Document No. 78 at 2–3.

have failed to meet agreed disclosure deadlines and have refused to produce information regarding damages.[7]

Here, the Defendants will be prejudiced by the delay caused by the Plaintiffs' failure to respond to the motion for judgment on the pleadings in a timely manner. Defendants filed a Motion for Judgment on the Pleadings on November 29, 2023. Local Rule 7.4 provides that responses to motions must be filed by the submission day. Under Rule 7.3, the submission day is twenty-one days from the date the motion was filed. Plaintiffs' response was due on December 20, 2024. The leave to file occurs nearly forty days after the motion became ripe.[8] The Defendants must continue participating in discovery and incur expenses during this delay. Additionally, the Plaintiff's motion addresses the prejudice of both parties but does not directly negate the prejudice the delay has and will cause on the Defendants. Accordingly, the first factor weighs in favor of the Defendants. The Court now addresses the second factor.

---

[7] *Defendants Cheng Cheng "Josie" Lin and United Property Management's Response to Plaintiffs' Motion for Leave to File Plaintiffs' Objection and Response to Defendants' Motion for Judgment on the Pleadings*, Document No. 79 at4–7.

[8] The Court chose to wait until the motion for leave was ripe (21 days after the motion was filed), this continued to extend the time of delay regarding a decision on the Defendants' motion for judgment.

2.    *Length of Delay*

The Defendants contend the length of delay weighs in favor of denying the Plaintiffs' motion for leave. The Plaintiffs do not set forth any argument regarding the length of delay.

As discussed above, the Plaintiff waited nearly a month after the motion became ripe to file their motion for leave to file a response. Not only does this delay have prejudicial effects on the Defendants, but It also has an adverse effect on the Court and judicial proceedings. The Defendants, as does the Court, must prepare for future proceedings and trial. The Fifth Circuit has stated, "Adherence to reasonable deadlines is critical to restoring integrity in court proceedings." *Geiserman v. MacDonald*, 893 F.2d 787, 792 (5th Cir. 1990) (addressing a missed discovery deadline). Here, the delay is not insignificant, and the Plaintiffs do not directly address the factor. Accordingly, the second factor weighs in favor of not granting leave. The Court now turns to the third factor.

3.    *Reason for the Delay*

The Plaintiffs contend they overlooked the notice email and subsequently deleted the email. The Plaintiffs further contend they only became aware of the pending motion when Defendants' counsel mentioned it at a hearing. Defendants contend the Plaintiffs only describe what occurred and not how the neglect happened.

8

Here, the Plaintiffs do not allege they did not receive the notice; merely, they allege that it was overlooked and deleted. There is no explanation as to how this overlooking of the notice occurred. The Plaintiffs received the notice and then disregarded it for some unknown reason. The overlooking of an email alone does not rise to excusable neglect. *Atamian v. Univ. of Tex.-Pan Am.*, 770 Fed. Appx. 221 (5th Cir. 2019) (concluding that the trial court did not commit reversible error by declining to find excusable neglect where the movant asserted that, although notice of the new trial motion's denial was properly sent to the email provided to the district court and received by his lawyers' firm when it was internally forwarded to the lawyer himself, it landed in "junk mail," and was therefore overlooked). The record indicates that the Plaintiffs have not acted diligently regarding responding to the motion for judgment on the pleadings. Accordingly, the Court finds the Plaintiffs' proffered excuse for delay inadequate. Therefore, the Court finds the third factor weighs in favor of the Defendants. The Court now addresses the final factor to be considered.

*4. Plaintiffs' Good Faith*

The Defendants contend the Plaintiffs have not addressed the good faith factor, and therefore, it leans in favor of denying leave. Here, the Plaintiffs fail to address the good faith issue. Accordingly, the court finds it is neutral at this time. Accordingly, the Court finds three of the four factors used by the Fifth Circuit to

9

determine excusable neglect weighs against granting leave to file a response. Therefore, the Plaintiffs' motion for leave to file a response to the Defendants' motion for judgment on the pleadings is denied. The court now turns to the Defendants' motion for judgment on the pleadings.[9]

## B.   *Defendants' Motion for Judgment on the Pleadings*

The Defendants contend that the Plaintiffs' FHA claims fail because: (1) as investors, the Plaintiffs are not covered by the FHA; (2) the Plaintiffs fail to show they made a bona fide offer to buy the condo; and (3) the Plaintiffs fail to meet the elements of the specific FHA sections they claim violations of. The Plaintiffs did not respond to the Defendants' motion. Failure to respond is taken as a representation of no opposition. S.D. Tex. Local R. 7.4.[10]

The FHA prohibits "any person or other entity whose business includes engaging in a residential real estate-related transaction to discriminate" because of race. 42 U.S.C. § 3605(a); *Meyer v. Holley*, 537 U.S. 280, 285 (2003). the FHA makes it unlawful "[t]o refuse to sell or rent after the making of a bona fide offer, or

---

[9] The Court also notes the Plaintiffs contend leave should be granted because their response claims are meritorious. This is not a factor to be considered when deciding excusable neglect and as such will not be considered.

[10] The Court notes that the Plaintiffs subsequently moved for leave to file an untimely response. Based on the foregoing the Court rules leave should not be granted, therefore the Court considers there to be no response to the Defendants' motion for judgment on the pleadings.

to refuse to negotiate for the sale or rental of, or otherwise make unavailable or deny, a dwelling to any person because of race, color, religion, sex, familial status or national origin." 42 U.S.C. § 3604(a). The definition of a "discriminatory housing practice" also includes discriminating "against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection therewith, because of race, color, religion, sex, familial status, or national origin." 42 U.S.C. § 3604(b).

Here, it is undisputed that the Plaintiffs were real-estate investors interested in purchasing the Condos as an investment. Plaintiffs explicitly state a "long track record of real estate investment and regularly seek investment opportunities in emerging communities throughout Houston and surrounding areas in Texas."[11] It is well established that the FHA focuses "on whether the individuals that are subject to discrimination use or intend to use the building as a dwelling or residence." *Germain v. M&T Bank Corp.*, 111 F.Supp.3d 507, 522-23 (S.D.N.Y. 2015) (Karas, J. (citing *Hovsons. Inc. v. Township of Brick*, 89 F.3d 1096, 1102 (3d Cir. 1996)). The Plaintiffs allege in their amended complaint that one of the Plaintiffs, Afful, was looking for a "home.".[12] However, that is contested by Afful's own affidavit, which

---

[11] *Plaintiffs' First Amended Complaint*, Document No. 3 ¶ 1.

[12] *Plaintiffs' First Amended Complaint*, Document No. 3 ¶ 23.

states, "I am a real estate investor.[13] I am a real estate investor who was looking to purchase a condo in the Grand West Condominiums."[14] Therefore, while Afful says it was for "her and her child" it still appears the purpose of the condo purchase was for investment purposes and not as a dwelling. Accordingly, as investors who had no intention to reside in the "dwelling," the FHA would not extend to the Plaintiffs' FHA claim.

Further, the file lacks evidence that the Plaintiffs made a "bona fide offer," as the FHA requires. Plaintiffs claim that Plaintiff James Ra-Amari explained to Lin that the Plaintiffs "were serious about purchasing the condos" and they were willing to pay cash.[15] However, the Plaintiffs' pleading lacks any evidence of terms that would signal an actual offer to Lin that she would have the option to accept or reject. *See, e.g., Points v. Pac. Heritage Bank*, No. 97-55954, 1999 U.S. App. LEXIS 10663, at *1 (9th Cir. 1999) (finding that because the plaintiff admitted he never made an offer for the property he did not have standing to state a claim under 42 U.S.C. § 3604(a)).[16] The Plaintiffs did not respond to the Defendants' motion for

---

[13] *Plaintiffs' First Amended Complaint*, Document No. 3, Exhibit 3 ¶ 5 (*Affidavit of Rosemary Afful*).

[14] *Plaintiffs' First Amended Complaint*, Document No. 3, Exhibit 3 ¶ 6 (*Affidavit of Rosemary Afful*).

[15] *Plaintiffs' First Amended Complaint*, Document No. 3 ¶ 31.

[16] The Court notes that the defendants also contend the Plaintiffs' Section 3604 claims fail because age is not a protected category and the advertisement described is not

12

judgment nor offered any alternative evidence to suggest they made a bona fide offer or that the statements they did make were an adequate offer. Accordingly, the Plaintiffs have failed to adequately plead claims arising from Section 3604.

Additionally, the defendants contend plaintiffs have failed to establish retaliation or any facts to support the Plaintiffs have been damaged by any alleged discrimination. The FHA makes it unlawful to retaliate against anyone because he has exercised any right to be protected from discrimination. See 42 U.S.C. § 3617. To make prima facie showing of retaliation under the FHA, "a plaintiff must show that: (1) he engaged in a protected activity; (2) the defendant subjected him to an adverse action; and (3) a causal link exists between the protected activity and the adverse action." *Walker v. City of Lakewood*, 272 F.3d 1114, 1128 (9th Cir. 2001))., The Plaintiff's complaint has many conclusory statements alluding to retaliation. The word retaliation is never explicitly used in their amended complaint. Further, the Plaintiffs' complaint does nothing to establish a causal nexus between any alleged

---

discriminatory as it relates to Section 3604(c). *See Defendant Cheng Cheng "Josie" Lin and United Property Management's Motion for Judgment on the Pleadings*, Document No. 68 at 11–12. As to Section 3604(b) based on the Courts forgoing discussion it need not reach the issue of age. As to Section 3604(c), while the advertisement likely did not rise to a violation of Section 3604(c). It is of no consequence because it is clear that the advertisement did not deter the Plaintiffs from being interested in the property. *See Wilson v. Glenwood Intermountain Props.*, 98 F.3d 590, 595 (10th Cir. 1996) (concluding that plaintiffs' mere receipt of advertisements touting rental only to male students was not sufficient to confer standing where plaintiffs did not allege that the advertisements deterred them from seeking to rent the apartments; noting "in fact, [the plaintiffs] applied to rent them.").

protected activity and any alleged adverse action. The Plaintiffs did not respond to the Defendants' motion or offer any alternative precedent, arguments, or facts in the file to counter the Defendants' arguments for judgment. Accordingly, the Plaintiffs claims for retaliation arising from the FHA also fail.[17] Therefore, the Court finds the Defendants' have failed to adequately plead a violation arising from any sections of the FHA that they have cited. Thus, the Court finds the Defendants' motion for judgment should be granted.

## IV. CONCLUSION

Based on the foregoing, the Court hereby

**ORDERS** that Defendant Cheng Cheng "Josie" Lin and United Property Management's Motion for Judgment on the Pleadings (Document No. 68) is **GRANTED**. The Court further

**ORDERS** that Plaintiffs' Motion for Leave to File Plaintiffs' Objections and Response to Defendants Cheng Cheng "Josie" Lin and United Property Management's Motion for Judgment on the Pleadings (Document No. 78) is **DENIED**.

---

[17] The Court notes that the Defendants also contend the Plaintiffs have not set forth any factual allegations of damages. While the Plaintiffs list conclusory assertions of economic loss, emotional distress, inconvenience, and loss of housing opportunity, there is nothing in the amended complaint that elaborates on these alleged damages. Further, the Plaintiffs have failed to plead facts to establish malice or reckless indifference that the Defendants' actions might violate a federal statute of which they were aware. *Lincoln v. Case*, 340 F.3d 283, 291 (5th Cir. 2003).

**THIS IS A FINAL JUDGEMENT**

SIGNED at Houston, Texas, on this __27__ day of February, 2024.

DAVID HITTNER
United States District Judge
